## Everett v. Robbins et al.

*C. M. Bolich*, for plaintiff.

*H. A. Butz*, for defendants.

HENNINGER, P. J., December 17, 1951. — Plaintiff seeks an accounting from defendants on an agreement whereby for architectural service he was to receive

one fourth of the profits from defendants' home building enterprises in Emmaus and Allentown.

This action in equity was brought after John A. Robbins, almost sole stockholder in all defendant corporations, ceased to make regular visits to the operation and service was made on defendant corporations on October 8, 1948, by deputizing the Sheriff of Philadelphia, where the corporations had their principal offices, to serve the bill.

Defendants filed a rule to set aside service and to dismiss the bill for want of jurisdiction because they had no place of business, officer or director in Lehigh County.

Plaintiff then obtained permission from the court to make service by deputization and the bill was again so served on November 3, 1948, whereupon defendants filed similar motions as to both services.

Were the defendants not corporations, but individuals, there is no doubt that their position would be unassailable. In equity, service beyond the jurisdiction of the court is governed by the Act of April 6, 1859, P. L. 387, 12 PS §1254, as amended by the Act of March 20, 1941, P. L. 11. Service beyond the forum is permitted in actions in rem and upon other defendants where one or more of the principal defendants reside within the jurisdiction of the court. There is no contention that one or more of the defendants reside in Lehigh County and it is clear that while the action arises out of the development of a tract of real estate within Lehigh County, we are not here dealing with the realty itself and therefore it is not an action in rem.

Plaintiff relies, not upon the Act of 1859, as amended, but upon Pennsylvania Rules of Civil Procedure 2179 and 2180, which provide in part as follows:

(2179)—"(a) Except as other wise provided by an Act of Assembly or by subdivision (b) of this rule, a personal action against a corporation or similar entity may be brought in and only in (1) the county where its registered office or principal place of business is located; or (2) a county where it regularly conducts business."

(2180)—"(b) The plaintiff shall have the right of service in any other county by having the sheriff of the county wherein the action was instituted deputize the sheriff of any other county wherein service may be had."

The bill shows that Lehigh County is a place where defendants conduct business at 1237 Troxell Street, Allentown, Pa., at least in the management and disposal of houses, and therefore Lehigh County is a county in which it can be sued on a personal action—and we are convinced that this is a personal action. We are not now concerned with the truth of the allegation; for our purposes it is assumed to be true.

Since this court has venue because of the transaction of business in Lehigh County, Pennsylvania Rule of Civil Procedure 2180(b) permits service in any other county by deputization of that sheriff. This is an enlargement of the former rule which permitted suit against a corporation in any county where it conducted business (Waldo v. Bowers Battery Mfg. Co., Inc., 337 Pa. 97), but did not provide for service of process elsewhere, excepting as provided by the Act of 1859.

We have found no appellate court cases interpreting these rules, but their plain language seems to mean that if a corporation is doing business in a county it may be sued there and that service may be had on it by deputization of the sheriff of any county where service may be had.

There are two lower court cases, Lallone v. Philadelphia Suburban Transportation Company, 61 D. & C. 248, and Iannetti v. Philadelphia Suburban Transportation Company, 61 D. & C. 276, in which Judges Kun and Flood of the Philadelphia courts held that a suburban bus line operating between points in Delaware County but operating for a short distance through Philadelphia County could be sued in Philadelphia County—because it was doing business there—for an accident in Delaware County and that service could be had on the company in Delaware County by deputization from the Sheriff of Philadelphia County. In those cases, the plaintiffs had obviously chosen Philadelphia County as the more favorable forum and the Philadelphia courts felt bound to accept jurisdiction and to permit service by deputization in Delaware County although the accident took place in Delaware County and the principal office of defendant was in Delaware County.

We take it that the words in Rule 2179, "Except as otherwise provided by an Act of Assembly" refer only to venue and not to methods of service. Even if it did apply to methods of service, the Act of 1859 is a liberalizing and not a restrictive act and would not forbid the further liberalization provided by these rules.

We have not passed upon the citations furnished by the parties. On the one hand, we are convinced that there are no features of this case that would permit service under the Act of 1859. The cases cited by defendant on the other hand, even if they had been decided since promulgation of the procedural rules, refer to equity actions with individual defendants, which are still governed by the Act of 1859 alone. Extraterritorial service is permissible in this case not because it is an action in equity but because defend-

ants are corporations regularly conducting business in Lehigh County.

There can be no harm in double service or in the unnecessary application to the court for the right to serve by deputization. What plaintiff had the right to do without authorization is valid if done after authorization.

Now, December 17, 1951, defendants' motions to set aside service of the bill of complaint in the above-captioned action in equity are denied and it is ordered that defendants answer upon the merits within 20 days after service of this order upon their counsel or suffer the bill to be taken pro confesso.